[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on December 24, 1986 at Barkhamsted, Connecticut after having resided in the State of Connecticut for more than one year. They have two (2) minor children issue of the marriage, Stephanie, born on April 30, 1986 prior to the marriage, and Chloe, born December 23, 1988. The court entered judgment dissolving the marriage at the close of evidence in the case. The court further restored the birth name of the plaintiff. She has elected to be referred to as Martha L. Rusin.
At the time the parties met, the plaintiff owned a ten (10) room colonial home, circa 1760, on 1.6 acres of property in Barkhamsted surrounded by the state forest. The defendant had responded to a request CT Page 6777 for an estimate on a stone wall on the plaintiff's property. At the time that the parties met, the plaintiff, a high school graduate, was well employed full-time as a hairdresser in Simsbury, and in 1982 had inherited approximately $180,000.00 from her parents' estate. She was married, but had been separated for a significant period of time and had custody of her son by that marriage. The plaintiff had a significant interest in antiques, and from external appearances (Pl. Exhs. 1 and 2) her home was well cared for and well appointed.
The defendant had been employed as a stone mason from an early age. His level of education was never testified to, but he did complain of disability to his back and legs due to the rigors of his job. The defendant had previously been married and resided in his own home in Winchester. Prior to their marriage, but after Stephanie's birth, the plaintiff moved into defendant's home. They had listed both properties for sale and her home sold in advance of his. The plaintiff took approximately $62,000 in proceeds from the sale of her home, and thereafter the parties blended their finances.
Their marriage was violent, probably pathological. The court finds that the issues of battering were proved by the plaintiff. The defendant's denials were rather pathetic in the face of plaintiff's testimony and her demeanor on the witness stand, as well as the photographic evidence, (Plaintiff's 3 and 4) and testimony of witnesses one of whom was a registered nurse who described her injuries as "spectacular" and that she "looked like a healing major trauma victim."
The plaintiff did not respond by leaving this marriage until the parties had given birth to two female children. She attempted to have a marriage with the defendant, even taking him to Italy, the only time he had traveled to Europe. She attempted to make a home and a family. She was met with violence, and responded by spending large amounts of money to fill the emotional void in her life.
There is distinct, clear and violent fault found by this court as to the reason for the breakdown of this marriage. The assaultive behavior perpetrated by the defendant was nothing short of criminal, and clearly constitutes compensable harm.
The great fear that this court has and which must be expressed is the threat this defendant presents to his own children if he remains in denial and not treated. Plaintiff and counsel for plaintiff expressed her fear of confronting this issue pendente lite, and the intervention that could have been initiated was not. The court was prevented from intervening in the lives of these children, who were virtually left out of the issues CT Page 6778 of this case. This court believes that defendant's denial of the claims of violence was not a sufficient reason for both counsel to proceed on the financial issues only, and to expect their client's later on to deal with the issues of violence as they have affected and will continue, post-judgment, to affect these children. The message of protection to all members of the divorcing family, and the focus of the process on children which is of primary concern of the court, must be shared by counsel, communicated by them to the adult parties, and confronted. If there can be any process of healing, there must be a preparation of adult parties to their post-judgment responsibilities to each other as they are charged with the continuing duty to nuture [nurture] their children to a competent adulthood.
The plaintiff never had her husband arrested, which would have provided him with a family violence intervention. The plaintiff has been assisted with counseling at the Susan B. Anthony Project, which should continue so that she understands that her daughters must not accept abuse. The defendant must enter counseling to understand his important role in the lives of his daughters, and live his life demonstrating that they should not accept abuse from the significant male person in their life. That person, at this stage of their life, should be their father. The court is not convinced that he can safely be that person for them.
The court awards sole custody of the minor children to the plaintiff mother. The defendant is to have supervised visitation, and this case is referred to Family Services for an intake to make recommendations for ongoing participation in a clinical setting. Nothing less will protect these children.
The court has reviewed the financial evidence, and in accord with the appropriate statutes makes the following orders:
1. The defendant is to pay $100.00 per week per child as current child support, plus $25.00 per week on an arrearage of $8,000.00, subject to adjustment. His financial affidavit clearly understated his income, and his ability to earn is substantially higher than that disclosed.
2. Both parties are to provide medical insurance as available through their employers or by act of Congress at reasonable expense to them. The parties are to share equally unreimbursed health related expenses including the children's initial health needs, unless the defendant is in arrears in child support, in which case defendant shall be solely responsible for health related expenses as referred to above.
3. The defendant is to provide a life insurance policy in the face CT Page 6779 amount of One Hundred Thousand ($100,000.00) Dollars payable to the plaintiff as irrevocable beneficiary until the youngest child reaches the age of eighteen (18).
4. The defendant may declare the oldest child as a dependent for income tax purposes, so long as he is current with child support for both children. The plaintiff may declare the youngest child as her dependent, and have both children as dependents for income tax purposes.
5. The court hereby transfers, by operation of law, the property at Ruggbrook Road in Winsted to the plaintiff subject only to the encumbrances which now appear of record. The plaintiff pursuant to Yontef v. Yontef,185 Conn. 275 may proceed to insure the property against loss, based on the court's ruling. The defendant is ordered not to cause any waste or damage to the property and is to vacate the property within thirty (30) days of notice by the plaintiff. She may elect to sell the property or maintain it as a residence. If the defendant's financial affidavit is to be believed that is equivalent to a lump sum property distribution of thirteen thousand ($13,000.00) dollars. He is ordered to satisfy all other debts of the marriage not specifically liens on the subject property and hold her harmless therefrom. The use of the specific sum in this paragraph is not to be construed to limit the value of the award to the plaintiff. The court feels that the value of the property exceeds that listed on defendant's affidavit.
6. To insure in part the orders of the court with respect to value of the real estate distribution and hold harmless agreement, the court awards to the plaintiff $1.00 per year as alimony and rules that these obligations are not dischargeable in any bankruptcy petition filed by the defendant.
7. The plaintiff shall retain all antiques and other personalty in her possession and shall have any antiques left in the marital home.
8. The defendant may retain his personal effects in the marital home, his gun collection, and personal items agreed to by the plaintiff. If there is a dispute the parties are to hire an arbitrator to dispose of contested items of personal property.
All orders enter shall take effect in any appeal period. Yontef v. Yontef, supra.
Judgment shall enter accordingly.
DRANGINIS, J. CT Page 6780